UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-_____

**BRANDON WEITZ,** individually and on behalf of all others similarly situated,

        **Plaintiff**,

v.

**GENTING NEW YORK LLC**,

        **Defendant**.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Genting New York LLC ("Defendant")[1] hereby files this Notice of Removal of this action, with full reservation of all defenses, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. In support of this Notice, Defendant states as its grounds for removal:

## PROCEDURAL BACKGROUND

1.    On August 29, 2022, Plaintiff Brandon Weitz ("Plaintiff") filed a Class Action Complaint (the "Complaint") alleging violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Compl. ¶ 42-49. Plaintiff seeks class certification, statutory damages, a declaratory judgment, and injunctive relief. *Id.* pg. 10 (Prayer for Relief).

---

[1] In the State Court Complaint that is the subject of this Removal, Plaintiff names as defendant "GENTING NEW YORK LLC d/b/a RESORTS WORLD BIMINI." Genting New York LLC does not do business under the name "Resorts World Bimini," and has therefore not included the d/b/a in its name for purposes of this federal action.

2. Plaintiff filed the Complaint, which is the initial pleading setting forth the claims for relief upon which this action is based, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the matter was assigned Case No. 2022-016202-CA-01 (the "State Action").

3. In accordance with 28 U.S.C. § 1446(a), a true and legible copy of the Complaint together with all documents filed in the State Action, are attached hereto as Exhibit A. This constitutes all processes, pleadings, and orders served in the State Action.

4. The Complaint was served on Defendant, via service on Defendant's registered agent, on September 16, 2022. *See* Exhibit A.

5. A copy of the notice being contemporaneously filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is attached hereto as Exhibit B.

## ORIGINAL JURISDICTION

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA") because at least one member of the putative class is a citizen of a state different from at least one defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and there are more than 100 members in the putative class.

## DIVERSITY

7. Plaintiff is a resident of the State of Florida. Compl. ¶ 9.

8. Defendant is a Delaware limited liability company, Compl. ¶ 7, with its principal place of business at 110-00 Rockaway Boulevard, Jamaica, NY 11420.

10. Because the citizenship of at least one member of the putative class, Plaintiff, is diverse from the citizenship of Defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied here.

## AMOUNT IN CONTROVERSY

11. The amount in controversy requirement for CAFA diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

12. In the Complaint, Plaintiff alleges that "pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation," Compl. ¶ 49, and that "Class members number in the several thousands, if not more," Compl. ¶ 33.

13. Assuming, for the purposes of removal only, that the allegations in the Complaint are true, the amount in controversy exceeds $5 million.

## NUMBER OF CLASS MEMBERS

14. The requirement that a class must include 100 or more members to be eligible for removal is satisfied in this case because it is clear from the Complaint that "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100." 28 U.S.C. § 1332(d)(5)(b).

15. In the Complaint, Plaintiff alleges that "Class members number in the several thousands, if not more," Compl. ¶ 33.

16. Assuming, for the purposes of removal only, that the allegations in the Complaint are true, the number of members in Plaintiff's proposed class exceeds 100.

## **THE REQUIREMENTS OF §§ 1441 AND 1446 ARE SATISFIED**

14. Removal of this action, over which this Court has original jurisdiction, is permitted by 28 U.S.C. § 1441(a).

15. Removal is timely in accordance with 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Complaint on Defendant.

16. Pursuant to 28 U.S.C. § 1446(a), this Court is the proper venue for removal of this action because the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is located within this federal district.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## **CONCLUSION**

For all these reasons, Defendant Genting New York LLC hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court.

DATED:  October 3, 2022            Respectfully submitted,

                                            QUINN EMANUEL URQUHART & SULLIVAN LLP

By   */s/ Olga M. Vieira*
     Olga M. Vieira (Fla. Bar No. 29783)
     2601 South Bayshore Drive, 15th Floor
     Miami, FL 33133
     olgavieira@quinnemanuel.com
     (305) 496-2988

*Attorney for Defendant Genting New York LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of October, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the party identified below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Olga M. Vieira*
Olga M. Vieira
Fla. Bar No. 29783
olgavieira@quinnemanuel.com

Service List

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
gberg@shamisgentile.com
**SHAMIS & GENTILE P.A.**
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

Scott Edelsberg, Esq.
scott@edelsberglaw.com
Christopher Gold, Esq.
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915