UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:22-cv-23209-BLOOM**

BRANDON WEITZ, *individually and
on behalf of all others similarly situated*,

    Plaintiff,

v.

GENTING NEW WORLD LLC, *doing
business as* RESORTS WORLD BIMINI,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Genting New World LLC d/b/a Resorts World Bimini's Motion to Dismiss ("Motion"), ECF No. [23]. Plaintiff Brandon Weitz filed a Response, ECF No. [30], to which Defendant filed a Reply, ECF No. [36]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied as moot and the Court remands this action to the state court.

    **I.**    **BACKGROUND**

Plaintiff commenced this case by filing a Class Action Complaint in state court asserting claims against Defendant for violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See* ECF No. [1-1] ("Complaint"). Defendant removed the case to this Court on October 3, 2022, under the Class Action Fairness Act, 28 U.S.C.§ 1332(d). ECF No. [1]. In the Complaint, Plaintiff alleges that Defendant engages in telephonic sales calls to consumers without

having secured prior express written consent as required by the FTSA. ECF No. [1-1] ¶ 3.[1] More specifically, the Complaint alleges that Defendant sent a text message to the Plaintiff and other proposed members of the Class that reads, "Celebrate Labor Day Weekend at Resorts World Bimini! We're hosting comedian Mario Ramil September 2-4. You're [sic] weekend stay includes; show tickets, round-trip transportation, hotel stay, and complimentary entry to Resorts World Bimini Beach. Book now at [redacted]." *Id.* ¶ 11. Plaintiff alleges that he received an unsolicited text message from Defendant without his consent. *Id.* ¶¶ 11, 29. Plaintiff's FTSA claim is premised upon Defendant using an automated system to send Plaintiff a text message and without Plaintiff's express written consent in violation of Florida Statute § 501.059(8)(a). *Id.* ¶¶ 42-49 ("Count I"). Plaintiff asserts his claim on behalf of himself and a putative class. *See id.* ¶ 13. The class is defined as "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff," but not including Defendant and its employees or agents. *Id.* ¶¶ 32-33.

In the Motion, Defendant requests dismissal of the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and asserts certain constitutional challenges to the FTSA. Plaintiff responds that an FTSA violation is sufficiently alleged based upon the Complaint's inclusion of the content of the text message and the inferred purpose therein. Plaintiff further defends against the constitutional claims, arguing: (1) the FTSA survives intermediate scrutiny challenges to the First Amendment, (2) the FTSA is not unconstitutionally vague, and (3) the FTSA does not violate the Dormant Commerce Clause. ECF

---

[1] A "[t]elephonic sales call" is defined in the FTSA as "a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

No. [30]. Defendant replies that the FTSA does not apply to the text message at issue and reasserts its constitutional challenges. ECF No. [36].

While not addressed by the parties, the Court addresses the threshold issue of standing.

## II.    LEGAL STANDARD

### A. Standing

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give . . . courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*; *see also Miccosukee Tribe of Indians of Fla. v. United States*, 698 F.3d 1326, 1332 (11th Cir. 2012) ("[E]very court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates." (alteration in original) (quoting *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999))).

"Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or

3

controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006)). When a plaintiff lacks standing, "a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). In the context of removal, when a plaintiff lacks standing, a remand rather than dismissal is appropriate. *See* 28 U.S.C. § 1447(c); *McGee v. Solic. Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

A plaintiff does not automatically demonstrate the first element of standing—the existence of an injury in fact—by demonstrating that a statutory right has been violated. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020). "Article III standing requires a concrete injury even in the context of a statutory violation," and a "bare procedural violation, divorced from any concrete harm" does not suffice. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *see also Hunstein v. Preferred Collection and Mgmt. Servs.*, 48 F.4th 1236, 1242 (11th Cir. 2022) ("A 'bare statutory violation' is not enough, no matter how beneficial we may think the statute to be.") (quoting *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 936 (11th Cir. 2020)).

### B. Failure to state a claim

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 554, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### III. DISCUSSION

While not raised by Defendant, the Court addresses whether Plaintiff has Article III standing. *See Lujan*, 504 U.S. at 560 (explaining that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). As stated, the Supreme Court has held that standing requires a concrete injury, *id.* at 560-61, and a bare statutory violation is not enough to constitute a concrete injury, *see TransUnion,* 141 S. Ct. at 2205 (rejecting the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right), *see also Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."). The Court thus considers whether the Complaint's allegation that he received one unwanted text message advertising a vacation package at Defendant's resort describes a concrete injury.

The Eleventh Circuit has applied *Spokeo* and *TransUnion* to hold that the mere receipt of text messages in violation of a statute does not constitute a concrete injury. *See Salcedo v. Hanna,* 936 F.3d 1162, 1172-73 (11th Cir. 2019); *see also Drazen v. Pinto*, 41 F.4th 1354, 1362 (11th Cir. 2022) (the receipt of "a single unwanted text message is not sufficient to meet the concrete injury requirement for standing"). The holdings in *Salcedo* and *Drazen* thus apply in the FTSA context because the "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Salcedo*, 936 F.3d at 1167 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)). As such, a claim seeking relief for an FTSA violation based solely on the receipt of a single, unwanted text message is nonjusticiable. *See Muccio v. Global Motivation, Inc.*, No.

22-81004, 2022 WL 17969922, at *2 (S.D. Fla. Dec. 27, 2022) (rejecting argument that standing analysis differs between claims under the FTSA and the Telephone Consumer Protection Act, 47 U.S.C. § 227, by explaining that injuries may not simply be legislatively enacted into existence (citing *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1243 (11th Cir. 2022))).

Here, the Complaint alleges that Plaintiff received one text message, which reads: "Celebrate Labor Day Weekend at Resorts World Bimini! We're hosting comedian Mario Ramil September 2-4. You're [sic] weekend stay includes; show tickets, round-trip transportation, hotel stay, and complimentary entry to Resorts World Bimini Beach. Book now at [redacted]." *Id.* ¶ 11. The Complaint asserts no harms that stem from this text message but instead alleges conclusory "statutory damages, inconvenience, invasion of privacy, aggravation, [and] annoyance." ECF No. [1-1] ¶ 4. This allegation describes a bare statutory violation. There is no allegation, for example, of anything like "enjoying dinner at home with [] family and having the domestic peace shattered by the ringing of the telephone." *Salcedo*, 936 F.3d at 1172. As such, Plaintiff has not alleged a concrete injury. *See Muccio*, 2022 WL 17969922, at *2-3 (S.D. Fla. Dec. 27, 2022) (holding in an FTSA case that the allegation of five unwanted text messages, "coupled with a bare statutory violation and generalized allegations of 'inconvenience, invasion of privacy, aggravation, annoyance, and violation of . . . statutory privacy rights' . . . is not enough to establish concrete harm under Article III and Eleventh Circuit precedent" (internal citations omitted)); *Fontanez v. Wolverine World Wide, Inc.*, No. 8:22-cv-2538-KKM-TGW, 2022 WL 17959844, at *2-3 (M.D. Fla. Dec. 27, 2022) (holding in an FTSA case that one to three unwanted text messages without further allegations of concrete harm is insufficient to confer Article III standing); *Iuliano v. UnitedHealth Grp., Inc.*, No. 8:22-cv-2299-SDM-JSS, 2022 WL 18456982 (M.D. Fla. Dec. 9,

2022) (holding in an FTSA case that the receipt of four text messages without any specific allegations of harm is insufficient to demonstrate a concrete injury); *Frater v. Lend Smart Mortgage, LLC,* No. 22-22168, 2022 WL 4483753, at *4 (S.D. Fla. Sept. 27, 2022) (dismissing an FTSA case for lack of Article III standing where plaintiff alleged that she received two unsolicited text messages, holding that "conclusory recitations of harms like 'annoyance,' 'aggravation,' and 'wasted time,' . . . fail[] to clear the qualitative floor for a concrete injury" (internal citation omitted)).

Plaintiff thus lacks standing, and the Court therefore lacks subject matter jurisdiction in this case. *See Hunstein*, 48 F.4th at 1248 ("Because [Plaintiff] has alleged only a legal infraction—a 'bare procedural violation'—and not a concrete harm, we lack jurisdiction to consider his claim."). If no named plaintiff has standing in the instant class action lawsuit, as here, the Court lacks jurisdiction to consider the putative class members' FTSA claim. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019); *Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Accordingly, this Court declines to consider the sufficiency of Plaintiff's allegations, or the constitutional concerns raised, and remands the case to state court. *McGee*, 727 F.3d at 1326 (quoting 28 U.S.C. § 1447(c)) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded") (alterations in original).[2]

---

[2] Defendant requests that the Court dismiss with prejudice. However, the Court does not have the authority to dismiss and can only remand. *See McGee*, 727 F.3d at 1326 (vacating the District Court's dismissal as moot and instructing the District Court to remand the case to state court); *Ladies Memorial Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022) ("The problem in this case can be boiled down to the fact that the District Court dismissed a removed case rather than remanding it back to state court when it did not have subject matter jurisdiction because the plaintiffs lacked standing.").

**IV.    CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [23]**, is **DENIED as moot** and the Court **REMANDS** this case to the state court. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record